UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONNA HOGUE,** *et al.***,**

    **Plaintiffs,**

                                                       Civil Action 2:10-cv-00805
    v.                                 Judge Michael H. Watson
                                           Magistrate Judge E.A. Preston Deavers

**PFIZER, INC.,** *et al.***,**

    **Defendants.**

### REPORT AND RECOMMENDATION

On April 26, 2011, Defendant Qualitest Pharmaceuticals, Inc., filed a Notice of Suggestion of Death of Plaintiff James Hogue pursuant to Federal Rule of Civil Procedure 25(a)(1), indicating that Plaintiff passed away on September 26, 2010.  (ECF No. 56.)  As of the date of this Order no party has filed a motion for substitution.

Rule 25(a)(1) provides as follows**:**

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

In this case, ninety days has passed since Defendant's filed notice of the death of James Hogue.  Because no party has filed a motion for substitution, it is **RECOMMENDED** that the Court **DISMISS** the claims of Plaintiff James Hogue pursuant to Rule 25(a)(1).  The case should continue as to the remaining parties.  Fed. R. Civ. P. 25(a)(2).

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: August 11, 2011                                  /s/ *Elizabeth A. Preston Deavers*
                                                                                Elizabeth A. Preston Deavers
                                                                                United States Magistrate Judge